# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
Appeal No. 13-15007

---

Appeal from the United States District Court
for the Northern District of California, San Francisco
Judge Samuel Conti
Case No. 3:12-cv-05335-SC

---

THERESE C. MASSON,
*Plaintiff—Appellant,*

vs.

SELENE FINANCE, LP; SRMOF TRUST, 2009-1; SELENE RMOF REO
ACQUISITION LLC; US BANK TRUST NATIONAL ASSOCIATION AS
TRUSTEE FOR SRMOF REO 2011-1 TRUST; SELENE RMOF LLC,
SOLE CERTIFICATE HOLDER OF SRMOF 2009-1 TRUST; POWER
DEFAULT SERVICES, INC.
*Defendants—Appellees.*

---

## APPELLEES' ANSWERING BRIEF

---

**WRIGHT, FINLAY & ZAK, LLP**
Gwen H. Ribar (CA State Bar #188024)
Lukasz I. Wozniak (CA State Bar #246329)
4665 MacArthur Court, Ste. 280
Newport Beach, CA 92660
Tel: (949) 477-5050
Fax: (949) 608-9142

Attorneys for Defendants-Appellees,
Selene Finance LP; SRMOF 2009-1 Trust; Selene RMOF REO Acquisition LLC;
U.S. Bank Trust National Association, as Trustee for SRMOF REO 2011-1 Trust;
and Selene RMOF LLC, Sole Certificateholder of SRMOF 2009-1 Trust

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, the undersigned, counsel of record for Defendants/Appellees Selene Finance LP, SRMOF 2009-1 Trust, Selene RMOF REO Acquisition LLC, U.S. Bank Trust National Association, as Trustee for SRMOF REO 2011-1 Trust, and Selene RMOF LLC, Sole Certificateholder of SRMOF 2009-1 Trust hereby certifies that the following listed parties have a direct, pecuniary interest in the outcome of the case:

1.  Selene Finance LP;
2.  Selene RMOF REO Acquisition LLC;
3.  Selene RMOF LLC;
4.  U.S. Bank Trust National Association; and
5.  U.S. Bancorp - its parent company.

These representations are made to enable the Court to evaluate possible disqualification or recusal.

Dated:   July 26, 2013                         Respectfully submitted,

                                              WRIGHT, FINLAY & ZAK, LLP

                              By:     */s/ Lukasz I. Wozniak, Esq.*
                                      Gwen H. Ribar, Esq.
                                      Lukasz I. Wozniak, Esq.,
                                      Attorneys for Defendants-Appellees, Selene
                                      Finance LP; SRMOF 2009-1 Trust; Selene
                                      RMOF REO Acquisition LLC; U.S. Bank
                                      Trust National Association, as Trustee for
                                      SRMOF REO 2011-1 Trust; and Selene
                                      RMOF LLC, Sole Certificateholder of
                                      SRMOF 2009-1

# <u>TABLE OF CONTENTS</u>

**Page No.**

I.    INTRODUCTION 1

II.   JURISDICTIONAL STATEMENT 2

III.  STATEMENT OF ISSUES 2

IV.   STANDARD OF REVIEW 3

V.    PRIMARY AUTHORITY 4

VI.   STATEMENT OF THE CASE 4

VII.  STATEMENT OF FACTS 5

VIII. SUMMARY OF ARGUMENT 9

IX.   ARGUMENT 9

   A. The Appeal Fails Because the Court Lacks Subject Matter Jurisdiction to

   Adjudicate This Matter. 9

      1. The Court lacks jurisdiction over this appeal because the denial of
         a temporary restraining order does not qualify as an appealable
         order. 9

      2. The Court lacks jurisdiction over this appeal because the appeal is
         moot. 12

   B. Even if the Court Has Jurisdiction to Review the District Court's Order,

   the Order Should Be Affirmed Because the District Court Did Not Abuse

   Its Discretion. 14

      1. The District Court applied proper legal standard. 14

         a. Appellant's State Court TRO was irrelevant since it expired
            over a month prior to November 30, 2012. 14

         b. The District Court properly considered Appellant's likelihood
            of success on the merits. 16

         c. The District Court properly considered the lack of notice of the
            TRO to Respondents. 20

         d. The District Court properly considered the irreparable harm
            prong. 21

e. Appellant did not provide any argument and/or evidence to demonstrate that equities balanced in her favor and that the injunction was in public interest. ....................................26

2. The District Court's order is factually supported. ...............27

X.    CONCLUSION ..............................................................................29

XI.   STATEMENT OF RELATED CASES ........................................30

XII.  CERTIFICATE OF COMPLIANCE ..........................................31

# TABLE OF AUTHORITIES

**Page No.**

## CASES

*Acosta-Huerta v. Estelle*,
    7 F.3d 139, 144 (9th Cir., 1992) ........................................ 15

*Alcaraz v. Wachovia Mortg. FSB*,
    592 F.Supp.2d 1296, 1301 (E.D.Cal., 2009) ..................... 22

*Alliance for the Wild Rockies v. Cottrell*,
    632 F.3d 1127, 1131 (9th Cir., 2011) ....................... 3, 15 , 17

*Am. Can Co. supra*,
    742 F.2d at 322 ..................................................... 21

*Am. Can Co. v. Mansukhani*,
    742 F.2d 314, 322 (7th Cir., 1984) ................................ 21

*Am. Rivers v. Nat'l Marine Fisheries Serv.*,
    126 F.3d 1118, 1123 (9th Cir., 1997) ............................. 12

*Am. Trucking Ass'ns, Inc. v. City of Los Angeles*,
    559 F.3d 1046, 1052 (9th Cir., 2009) ............................. 3

*Am. Trucking Ass'ns, supra*,
    559 F.3d at 1052 ................................................ 3, 15

*Arcamuzi v. Cont'l Air Lines, Inc.*,
    819 F.2d 935, 937 (9th Cir., 1987) ............................. 3, 16

*Bennett v. Medtronic, Inc.*,
    285 F.3d 801, 804 (9th Cir., 2002) ............................... 9

*Bennett, supra*,
    285 F.3d at 804 ............................................... 10, 11

*Debrunner v. Deutsche Bank Nat. Trust Co.*,
    204 Cal.App.4th 433, 443 (2012) ............................... 17

*DHL Worldwide Network N.V./S.A. v. Tradebeam, Inc.*,
    2005 WL 196529 at *1 (N.D. Cal., Jan. 28, 2005) ................ 19

*Di Giorgio v. Lee*,
    134 F.3d 971, 974 (9th Cir., 1998) ............................. 13

*Doe v. City of Los Angeles*,
    42 Cal. 4th 531, 545 (2007) ................................... 18

*Farah v. Wells Fargo Home Mortgage*,
    2013 WL 1397405 at *2 (N.D. Cal., Apr. 5, 2013) .................... 26

*Flynt Distrib. Co., Inc. v. Harvey*,
    734 F.2d 1389, 1394-1395 (9th Cir. 1984) ...................... 19

*Friends of The Earth, Inc. v. Bergland*,
    576 F.2d 1377, 1379 (9th Cir., 1978) ......................... 13

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*,
    415 U.S. 423, 439 (1974) ......................................... 7

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*,
    415 U.S. 423, 426, 435-38 (1974) ............................. 28

*Granny Goose Foods, Inc. v. Teamsters*,
    415 U.S. 423 (1974) .......................................... 20

*Granny Goose Foods, Inc., supra*,
    415 U.S. at 440, fn. 15 ...................................... 16

*Henderson v. Carrington Mortgage Servs., LLC*,
    2012 WL 4834400 at *5 (E.D. Cal., Oct. 10, 2012) ............ 18

*Hester v. PHH Mortgage*,
    2010 WL 2923495 at *4 (E.D. Cal., July 26, 2010) ............ 22

*In Defense of Animals v. U.S. Department of Interior*,
    648 F.3d 1012, 1013 (9th Cir., 2011)) ....................... 13

*In re Ali*,
    441 B.R. 71, 72 (Bankr. E.D. Va., 2010) ..................... 25

*In re Rhoads*,
    487 B.R. 214 (D. Ariz., 2013) ............................... 26

*Independent Living Ctr. of S. Cal., Inc. v. Maxwell–Jolly*,
    572 F.3d 644, 657-58 (9th Cir., 2009) ....................... 27

*Irwin v. Mascott*,
    112 F.Supp.2d 937, 946 (N.D. Cal., 2000) .................... 19

*Kimball v. Commandant Twelfth Naval Dist.*,
    423 F.2d 88, 89 (9th Cir., 1970) ............................. 9

*Kimball, supra*,
    423 F.2d at 89 .............................................. 10

*Lockheed Missile & Space Co. v. Hughes Aircraft Co.*,
    887 F.Supp. 1320, 1323 (N.D. Cal., 1995) .................. 3, 16

iv

*Mabry v. Superior Court*,
    185 Cal.App.4th 208, 213-214 (2010) ........................................ 17

*Mabry, supra,*
    185 Cal.App.4th at 213-214 ........................................................ 18

*Mammoth Specialty Lodging, LLC v. We–Ka–Jassa Inv. Fund, LLC,*
    2010 WL 1539811 at *2 (E.D.Cal., Apr.16, 2010) ..................... 22

*Mandrigues v. World Sav., Inc.,*
    2009 WL 160213 at *3 (N.D.Cal., 2009) .................................... 22

*Manpower Inc. v. Slingshot Connections LLC*,
    2012 WL 3561974 at * 2 (E.D. Cal., Aug. 17, 2012) ................. 22

*Matter of Vuitton et Fils S.A.,*
    606 F.2d 1, 5 (2d Cir., 1979) ....................................................... 21

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
    883 F.Supp. 488, 492 (C.D. Cal., 1995) ..................................... 22

*N. Cheyenne Tribe v. Norton*,
    503 F.3d 836, 843 (9th Cir., 2007) .............................................. 19

*Outdoor Media Group, Inc. v. City of Beaumont*,
    506 F.3d 895, 900 (9th Cir., 2007). ............................................ 13

*Parker v. United States Dep't of Agric.,*
    879 F.2d 1362, 1367–68 (6th Cir., 1989) .................................... 22

*Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*,
    869 F.2d 1306, 1308 (9th Cir., 1989) .......................................... 10

*Religious Tech. Ctr., supra*,
    869 F.2d. at 1308-1309. ............................................................... 11

*Reno Air Racing Ass'n., Inc. v. McCord*,
    452 F.3d 1126, 1131 (9th Cir., 2006) .......................................... 20

*Saba v. Caplan*,
    2010 WL 2681987 at *5 (N.D. Cal., July 6, 2010) ..................... 26

*Sampson v. Murray*,
    415 U.S. 61, 87-88 (1974) ........................................................... 11

*Tate v. Univ. Med. Ctr. of S. Nevada*,
    606 F.3d 631, 634 (9th Cir., 2010) .............................................. 12

*United States v. Hinkson,*
    585 F.3d 1247, 1263 (9th Cir., 2009) ................................... 15, 27

*Wildwest Inst. v. Bull,*
    472 F.3d 587, 590 (9th Cir., 2006) ............................................. 3, 15

*Winter v. Natural Res. Def. Council, Inc.,*
    555 U.S. 7, 9 (2008) ............................................................... 16

*Woratzeck v. Ariz. Bd. of Exec. Clemency,*
    117 F.3d 400, 402 (9th Cir., 1997) ......................................... 3

## STATUTES AND RULES

15 USC §1692g ............................................................................. 18

28 USC §1292(a)(1) ...................................................................... 4

28 USC §1292(a)(1) ...................................................................... 9, 12

28 USC §1450 ............................................................................... 27

Cal. Prac. Guide, Fed. 9th Cir. Civ. App. Prac., Ch. 2-D, §2:673.1 ............ 13

Cal. Prac. Guide, Fed. Civ. Pro. Before Trial, Ch. 12-F, §12:162 ............ 22

Cal. Prac. Guide, Fed. Civ. Pro. Before Trial, Ch. 12-F, §12:170 ............ 22

*Civ. Code* §2924.15(a) ................................................................. 17

FRCP 65(b) ................................................................................. 4

FRCP 65(b)(2) ............................................................................ 7, 28

Miller & Starr, 4 Cal. Real Est., §10:66.10 (3d ed.) ........................... 25

# I.    INTRODUCTION

At 11:42 a.m. on November 30, 2012, Appellant appeared before Honorable Samuel Conti, ex parte, and requested him to enjoin Respondents from proceeding with a trustee's sale at 12:30 p.m. on that day.  Not surprisingly, the Court denied her request, finding that Appellant waited too long before bringing her application. Dissatisfied with the Court's ruling, Appellant brought this appeal, arguing that the District Court abused its discretion by denying her request.  Appellant's argument is contradicted by the record, which unequivocally demonstrates the District Court reached a correct decision.

It is established that injunctive relief is an extraordinary remedy.  It is not granted simply because one applies for injunctive relief.  To obtain an injunction, the movant is required to prove, among other things, likelihood of success on the merits and irreparable harm.

Here, the record demonstrates that Appellant did not establish likelihood of success.  In fact, at the hearing, she was unprepared to respond to the District Court's inquiry, erroneously believing that she was not required to address likelihood of success until the preliminary injunction hearing!

In addition, the record reveals that Appellant did not establish irreparable harm.  Appellant knew about the November 30, 2012 sale date at least thirty days beforehand, yet waited until the very last moment to bring her application.  When

asked why she waited so long, Appellant essentially responded that she needed to wait in order to create irreparable harm.

Under these circumstances, the District Court cannot be found to have abused its discretion in denying Appellant's request.  For these reasons, as more fully set forth below, Appellant's arguments fail and the District Court's order should be affirmed in its entirety.

## II.    JURISDICTIONAL STATEMENT

The District Court had subject matter jurisdiction over this action pursuant to 28 USC sections 1331 and 1332 because Appellant brought a claim arising under the laws of the United States and because there existed complete diversity between the parties and the amount in controversy exceeded $75,000.00.

The Ninth Circuit lacks subject matter jurisdiction over this appeal because the District Court's order denying Appellant's Ex Parte Application for a Temporary Restraining Order does not constitute an appealable order for the purposes of 28 USC section 1292(a)(1) and because this appeal is moot.

## III.    STATEMENT OF ISSUES

The two issues raised on this appeal are whether this Court has subject matter jurisdiction to hear this appeal and whether the District Court abused its discretion by denying Appellant's Ex Parte Application for Temporary Restraining Order.

# IV.   STANDARD OF REVIEW

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.,* 887 F.Supp. 1320, 1323 (N.D. Cal., 1995); *Arcamuzi v. Cont'l Air Lines, Inc.,* 819 F.2d 935, 937 (9th Cir., 1987).   The denial of a preliminary injunction is reviewed for abuse of discretion.  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles,* 559 F.3d 1046, 1052 (9th Cir., 2009); see also *Woratzeck v. Ariz. Bd. of Exec. Clemency,* 117 F.3d 400, 402 (9th Cir., 1997) (reviewing a district court's order denying a motion for a TRO under an abuse of discretion standard).  In reviewing the district court's ruling, the appellate court reviews conclusions of law *de novo* and findings of fact for clear error.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir., 2011).  The review is "limited and deferential," and does not extend to "the underlying merits of the case."  *Am. Trucking Ass'ns, supra,* 559 F.3d at 1052.  The district court abuses its discretion only in situations where "it bases its decision on an erroneous legal standard or on clearly erroneous findings of fact.'"  *Id.*  "As long as the district court got the law right, it will not be reversed simply because the appellate court would have arrived at a different result if it had applied the law to the facts of the case."  *Id.* (citing *Wildwest Inst. v. Bull,* 472 F.3d 587, 590 (9th Cir., 2006)).

///

3

## V.    PRIMARY AUTHORITY

28 USC section 1292(a)(1):

> (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
> (1) Interlocutory orders of the district courts of the United States…, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court….

FRCP 65(b):

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Northern District Local Rule 65-1(b):

> **Notice to Opposition of Ex Parte Motion.** Unless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party.

## VI.    STATEMENT OF THE CASE

This is an appeal from the District Court's order denying Appellant's Ex Parte Application for Temporary Restraining Order to enjoin the pending non-judicial foreclosure sale.  Respondents contend that this Court lacks subject matter

4

jurisdiction over this appeal because the District Court's order does not constitute an appealable order. In addition, because the foreclosure sale has already occurred and because the litigation has already been concluded, with Respondents prevailing on the merits, this appeal is moot.

If, however, the Court believes that it can properly adjudicate this appeal, the Court should affirm the District Court's order because, contrary to Appellant's argument, the record unequivocally demonstrates that the District Court did not abuse its discretion by denying Appellant's Ex Parte Application. The District Court correctly concluded that Appellant did not satisfy her burden of demonstrating that she was likely to prevail on the merits of her claims. In addition, the District Court properly found that Appellant could not demonstrate irreparable harm <u>because she created her own emergency</u> by deliberately waiting until the last possible moment prior to filing her Ex Parte Application! For these reasons, as more fully explained below, the District Court's order should be affirmed.

## VII.  STATEMENT OF FACTS

On July 6, 2006, Therese C. Masson ("Appellant") obtained a loan for the purchase the real property located at 654-656 Oakland Avenue, Oakland, CA 94611 ("Property.") (Respondent's Excerpts of Record ["RER,"] at p.p. 11, 22, 67, 138.) Following the origination of her loan, Appellant lived in the Property for

one year and, thereafter, she admittedly stop residing in the Property, treating it instead as income producing property.  (RER, p.p. 14, 68, 141, 149.)

Approximately eleven months later, Appellant decided to refinance her loan. As such, on or about June 8, 2007, Appellant executed a promissory note in favor of Option One Mortgage Corporation, the lender, which note was secured by a Deed of Trust that was subsequently recorded against the Property.  (RER, p.p. 190-205.)  At some point thereafter, Appellant stopped making payments on her loan.  As a result, on April 22, 2010, a Notice of Default was recorded.  (RER, p.p. 225-226.)   Thereafter, on August 31, 2012, a Notice of Trustee's Sale was recorded.  (RER, p.p.232-233.)

To stop the pending trustee's sale, on September 25, 2012, Appellant filed her Complaint in the Superior Court of California, County of Alameda, asserting causes of action for violation of *Civil Code* section 2923.5 ("Section 2923.5") and for violation of the Fair Debt Collection Practices Act ("FDCPA") against Selene Finance LP, SRMOF 2009-1 Trust, Selene RMOF REO Acquisition LLC, U.S. Bank Trust National Association, as Trustee for SRMOF REO 2011-1 Trust, and Selene RMOF LLC, Sole Certificateholder of SRMOF 2009-1 Trust (collectively, "Respondents.")  (RER, p.p. 11-16.)  On the same day Appellant filed her Ex Parte Application for Order to Show Cause and Temporary Restraining Order with the Superior Court, setting the hearing for September 26, 2012.  (RER, p.p. 18-32.)

6

Despite the fact that Appellant <u>did not</u> provide notice of the application to Respondents (see, Declaration of James Z. Margolis, RER, p.p. 20-21), the Superior Court issued a temporary restraining order and set the preliminary injunction hearing for October 18, 2012.  (RER, p.p. 34-36.)

Two days prior to the preliminary injunction hearing, on October 16, 2012, Respondents removed Appellant's lawsuit to the United States District Court for the Northern District of California.  (RER, p.p. 1-38.)[1]  The case was assigned to Hon. Maria-Elena James.  (*Id.*)

On October 23, 2012, Respondents filed their Motion to Dismiss Appellant's Complaint.  (RER, p.p. 39-50.)  The hearing on Respondents' Motion was set for December 6, 2012.  (*Id.*)

On November 16, 2012, this matter was reassigned to Hon. Samuel Conti. (RER, p. 51.)  Therefore, on the same day, Respondents re-filed their Motion to Dismiss, setting it for hearing on January 25, 2013.  (RER, p.p. 52-63.)

On November 30, 2012, in another effort to stop the trustee's sale that was scheduled to take place at 12:30 p.m. on the same day, Appellant, <u>again</u> without providing a valid notice to Respondents, filed her Ex Parte Application for Temporary Restraining Order and for Order to Show Cause.  (RER, p.p. 64-136;

---

[1] Under FRCP 65(b)(2), as a result of the removal, the State Court's Temporary Restraining Order expired on October 18, 2012 or, at the latest, 14 days after the removal.  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.,* 415 U.S. 423, 439 (1974).

Appellant's Excerpts of Record ["ER,"] p. 12-15.)  Following the hearing, the District Court denied Appellant's Ex Parte Application.  (ER, p.p. 19-20; RER, p. 137.)  Consequently, the Property was sold at the trustee's sale on November 30, 2012.  (RER, 235-237.)  This appeal followed.

Thereafter, on January 24, 2013, the District Court granted Respondents' Motion to Dismiss Appellant's Complaint, with leave to amend.  (RER, p.p. 144-152.)  In its order, the District Court found, among other things, that Appellant did not qualify for the protections of Section 2923.5 because she did not occupy the Property as her primary residence and that Appellant did not allege any conduct by Respondents that would qualify as debt collection activities.  (RER, p.p. 149, 151-152.)

On February 24, 2013, Appellant filed her First Amended Complaint for violation of the FDCPA against Respondents, which Respondents again moved to dismiss.  (RER, p.p. 153-185.)  Because Appellant did not oppose Respondents' Motion to Dismiss, on May 13, 2013, the District Court issued an order dismissing Appellant's case.  (RER, p. 239.)  Subsequently, Appellant appealed the District Court's order granting the dismissal.  (See, Court of Appeals Docket No. 13-16202.)  That appeal is still pending.

///

///

## VIII. SUMMARY OF ARGUMENT

This appeal should be dismissed because the Court does not have jurisdiction to hear this appeal because the District Court's denial of Appellant's Ex Parte Application for Temporary Restraining Order does not qualify as an appealable order under 28 USC §1292(a)(1).  In addition, this appeal has been rendered moot because the Property has already been sold at a trustee's sale and the underling litigation has been concluded in Respondents' favor.

If, however, the Court decides that it has jurisdiction to hear this appeal, it should nevertheless affirm the District Court's order because the District Court did not abuse its discretion in denying Appellant's Ex Parte Application.  The record reflects that, contrary to Appellant's argument, the District Court' decision was based on the correct legal standard and was based on the proper factual analysis.

## IX.   ARGUMENT

### A.   The Appeal Fails Because the Court Lacks Subject Matter Jurisdiction to Adjudicate This Matter.

#### 1.   The Court lacks jurisdiction over this appeal because the denial of a temporary restraining order does not qualify as an appealable order.

Although appellate courts possess jurisdiction over appeals from the district court interlocutory orders pertaining to injunctions, ordinarily, temporary restraining orders are not appealable orders.  28 USC §1292(a)(1); *Kimball v. Commandant Twelfth Naval Dist.*, 423 F.2d 88, 89 (9th Cir., 1970); *Bennett v.*

9

*Medtronic, Inc.,* 285 F.3d 801, 804 (9th Cir., 2002).  In the Ninth Circuit, a denial of a temporary restraining order can only be appealed if (1) the denial effectively decides the merits of a case, (2) "the circumstances render the denial 'tantamount to the denial of a preliminary injunction,'" and (3) the order "does not possess the essential features of a temporary restraining order."  See, *Kimball, supra,* 423 F.2d at 89; *accord, Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir., 1989) ("such appeals are considered premature and are disallowed '[[i]n the interests of avoiding uneconomical piecemeal appellate review.'" [Citation.]); *Bennett, supra*, 285 F.3d at 804.

None of these circumstances are present here.  First, the District Court's denial of the Temporary Restraining Order did not effectively decide the merits of the case.  Due to Appellant's failure to adequately prepare for the hearing, <u>the denial was not based on the merits</u>; instead, it was predicated on the fact that the emergency was created by Appellant and resulted from Appellant's own, calculated delay.  (ER, p.p.19-20.)  The merits of the case were subsequently decided through Respondents' Motions to Dismiss.

Second, the denial of the Temporary Restraining Order was not "tantamount to the denial of a preliminary injunction."  The denial of a temporary restraining order is synonymous to a denial of a preliminary injunction only if it is made on the merits, following an evidentiary hearing that makes any further hearing futile

and, in the absence of a review, the moving party is effectively foreclosed from pursuing further interlocutory relief. *Religious Tech. Ctr., supra*, 869 F.2d. at 1308-1309. In this case, while the denial followed a hearing, the hearing was not evidentiary in nature. As a result of Appellant's actions, Respondents were precluded from submitting a written opposition and evidence in opposition to Appellant's Ex Parte Application. (ER, p.p. 15, 24.) Additionally, at the hearing, the District Court did not consider either party's evidence. (ER, p.p. 10-12.)

Further, while the trustee's sale made pursuing any further injunction of the sale futile, Appellant was not precluded from seeking alternate relief, such as damages or even enjoining Respondents from recording of the trustee's deed. More importantly, however, it is not the absence of review that prevented Appellant from seeking interlocutory relief. Rather, as explained below, Appellant was precluded from seeking such relief by her own, calculated delay.

The third prong of the analysis is not applicable to this case. An order does not possess the essential features of a temporary restraining order and, for the purpose of appellate review, should be treated as a preliminary injunction if the district court holds an adversary hearing, the basis for the court's order was strongly challenged, or where the duration of the order exceeds the ordinary duration for a temporary restraining order. *See, e.g., Sampson v. Murray,* 415 U.S. 61, 87-88 (1974); *Bennett, supra,* 285 F.3d at 804 (finding an order granting a

TRO "akin to a preliminary injunction" and reviewable under 28 USC §1292(a)(1) where both parties had the opportunity to file extensive written materials and present oral argument, and the district court granted temporary relief for three times the period provided by Federal Rule of Civil Procedure 65).

Here, since the temporary restraining order was denied, it did not exceed the duration under Rule 65. Further, the basis for the denial was not strongly challenged and, as explained above the District Court did not deny the TRO on the merits following a consideration of the parties' evidence.

For all of these reasons, the District Court's order denying Appellant's Ex Parte Application for Temporary Restraining Order does not qualify as an appellate order. Consequently, this Court lacks subject matter jurisdiction to review the District Court's order.

### 2. The Court lacks jurisdiction over this appeal because the appeal is moot.

"A federal court 'does not have jurisdiction to give opinions upon moot questions.'" *Tate v. Univ. Med. Ctr. of S. Nevada*, 606 F.3d 631, 634 (9th Cir., 2010) (citing *Am. Rivers v. Nat'l Marine Fisheries Serv.,* 126 F.3d 1118, 1123 (9th Cir., 1997). An appeal is considered as moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The basic question is whether there exists a present controversy as to which effective

relief can be granted." *Outdoor Media Group, Inc. v. City of Beaumont,* 506 F.3d 895, 900 (9th Cir., 2007).

A case may become moot at any stage. *Di Giorgio v. Lee,* 134 F.3d 971, 974 (9th Cir., 1998). "A case seeking a preliminary injunction is mooted where the injunction applies only to a *specific* act that has *already occurred.*" Cal. Prac. Guide, Fed. 9th Cir. Civ. App. Prac., Ch. 2-D, §2:673.1 (citing to *In Defense of Animals v. U.S. Department of Interior*, 648 F.3d 1012, 1013 (9th Cir., 2011)). "Where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot. (Citation). This is especially so where, as here, no stay on appeal has been sought." *Friends of The Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir., 1978) (internal citation omitted).

In the instant case, Appellant seeks a reversal of the District Court's order denying Appellant's Ex Parte Application for Temporary Restraining Order, where Appellant sought to enjoin the trustee's sale that was set for 12:30 p.m. on November 30, 2013, the same day she made her Ex Parte Application. Following the District Court's denial of Appellant's Ex Parte Application, the trustee's sale went forward, therefore, there is nothing left to enjoin.

///

///

13

In addition, Appellant asks that the "title be returned to Plaintiff, and.. the parties <u>resume the litigation as it stood at the time of the District Court's denial with the TRO</u> enjoined *(sic.)* from setting a Trustee Sale until the District Court holds a noticed hearing on the issuance of a preliminary injunction." (Opening Brief, p. 45) (emphasis added). Yet, there is nothing to resume here since the litigation has already concluded. The District Court granted Respondents' Motion to Dismiss the First Amended Complaint and dismissed Appellant's action on May 13, 2013. Consequently, the Court cannot grant relief that was requested by Appellant and Appellant cannot demonstrate her entitlement to injunctive relief.

For these reasons, this appeal is moot and should be dismissed.

**B.    <u>Even if the Court Has Jurisdiction to Review the District Court's Order, the Order Should Be Affirmed Because the District Court Did Not Abuse Its Discretion.</u>**

Appellant argues that, the District Court abused its discretion by denying her Ex Parte Application for Temporary Restraining Order because it based its denial "on an erroneous legal standard and or a clearly erroneous finding of facts." (Opening Brief, p. 45.) For the reasons set forth below, this argument is incorrect.

**1.    The District Court applied proper legal standard.**

The District Court abuses its discretion if it relies on an incorrect legal standard or makes erroneous factual findings. To determine if the District Court relied on an incorrect legal standard, the Appellate Court reviews conclusions of

law *de novo*. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir., 2011). In doing so, the Court looks to "whether the trial court identified and applied the correct legal rule to the relief requested." *United States v. Hinkson,* 585 F.3d 1247, 1263 (9th Cir., 2009). However, the review is "limited and deferential," and does not extend to "the underlying merits of the case." *Am. Trucking Ass'ns, supra,* 559 F.3d at 1052. As further explained, the Ninth Circuit specifically recognized that "[a]s long as the district court got the law right, it will not be reversed simply because the appellate court would have arrived at a different result if it had applied the law to the facts of the case." *Id.* (citing *Wildwest Inst. v. Bull,* 472 F.3d 587, 590 (9th Cir., 2006)).

Here, as the initial matter, Appellant's argument fails because her assertion that the District Court applied an incorrect legal standard is unsupported by argument, citation to authority, and/or by citation to the record. Consequently, her assertion should be disregarded and considered abandoned. See, e.g., *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir., 1992).

Notwithstanding the above, Appellant's assertion fails because the record demonstrates that the District Court applied proper legal standard at the hearing.

### a. Appellant's State Court TRO was irrelevant since it expired over a month prior to November 30, 2012.

Appellant attempts to argue that her State Court Ex Parte Application shows that she was timely in seeking relief. However, the temporary restraining order

issued by the State Court had expired as of October 18, 2012. *Granny Goose Foods, Inc., supra,* 415 U.S. at 440, fn. 15. Since then, Appellant did nothing to seek further relief until November 30, 2012- over a month later- when she brought her Ex Parte Application in the District Court. No excuse is provided as to why Appellant waited until November 30, 2012, to seek relief. To the contrary, she admits she knew that the State Court temporary restraining order had expired (Opening Brief, p. 10) and that she did so deliberately to "create" an emergency. (ER, p. 9.)

### b. The District Court properly considered Appellant's likelihood of success on the merits.

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.,* 887 F.Supp. 1320, 1323 (N.D. Cal., 1995); see also *Arcamuzi v. Cont'l Air Lines, Inc.,* 819 F.2d 935, 937 (9th Cir., 1987). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 9 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. In the Ninth Circuit, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can [also] support issuance

16

of an injunction, assuming the other two elements of the *Winter* test are also met."
*Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir., 2011).

Here, the District Court properly considered Appellant's likelihood of success on the merits. (See, ER, p. 10.) Indeed, following Appellant's concession that she was not prepared to argue the merits of her claims (ER, p. 12), the Court properly denied her Ex Parte Application on that basis alone.

Further, even if Appellant were to attempt to argue the purported violation of Section 2923.5 by Respondents (which argument she raised in her moving papers but not at the hearing [RER, p.p. 95-96; ER, pp. 10-12]), her argument would fail for the same reason as set forth in the Court's order granting Respondents' Motion to Dismiss - Appellant did not actually occupy the Property.[2]  (RER, p. 149.)

In addition, Appellant's argument would fail because it is legally incorrect. Section 2923.5 required the lender to contact the borrower to "assess" the borrower's financial situation and "explore" "<u>before a notice of default may be filed</u>." *Mabry v. Superior Court*, 185 Cal.App.4th 208, 213-214 (2010).  Here, Appellant did not argue that the requisite contact was not made.  Instead, she argued that <u>Respondents</u> purportedly failed to satisfy Section 2923.5 following

---

[2] Section 2923.5 only applied to "deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units."  See, *Civ. Code* §2924.15(a); *Debrunner v. Deutsche Bank Nat. Trust Co.*, 204 Cal.App.4th 433, 443 (2012).  Here, the record reflects that Appellant did not occupy the Property as her principal residence.  (RER, 148.)  Therefore, her reliance on Section 2923.5 was misguided.

their acquisition of their beneficial and servicing rights to the subject loan. However, Respondents acquired their rights <u>after</u> Notice of Default was recorded and <u>after</u> their predecessors in interest satisfied Section 2923.5 requirements. (See, Complaint, ¶7- RER, p. 13.)    Thus, because Section 2923.5 <u>did not</u> require a separate contact by an assignee beneficiary or its agent(s), <u>after</u> its predecessor in interest satisfied these requirements and after the Notice of Default was recorded, Appellant's argument would fail.    *Civ. Code* §2923.5; *Mabry, supra,* 185 Cal.App.4th at 213-214; see also, *Doe v. City of Los Angeles*, 42 Cal. 4th 531, 545 (2007) ("in construing… any statute, we may not broaden or narrow the scope of the provision by reading into it language that does not appear in it or reading out of it language that does.")

Furthermore, Respondents' purported failure to provide Appellant with a Debt Validation Notice in violation of 15 USC section 1692g ("Section 1692g,") which argument Appellant raised at the hearing (ER, p.p. 10-11),[3] did not entitle her to enjoin the trustee's sale.

It is established that any "recovery under the FDCPA is limited to actual and/or statutory money damages."    *Henderson v. Carrington Mortgage Servs., LLC*, 2012 WL 4834400 at *5 (E.D. Cal., Oct. 10, 2012).  "The FDCPA provides for both actual and statutory damages, up to the statutory ceiling, according to the

---

[3] At the hearing, She also argued that she wanted to amend her Complaint to add some additional, <u>unspecified</u> causes of action.  (ER, p. 11.)

sound discretion of the trial court." *Irwin v. Mascott*, 112 F.Supp.2d 937, 946 (N.D. Cal., 2000).

Injunctive relief, however, is available <u>only</u> in situations where a legal remedy, i.e., money damages, is inadequate.  See, e.g., *N. Cheyenne Tribe v. Norton*, 503 F.3d 836, 843 (9th Cir., 2007); *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394-1395 (9th Cir. 1984); *DHL Worldwide Network N.V./S.A. v. Tradebeam, Inc.*, 2005 WL 196529 at *1 (N.D. Cal., Jan. 28, 2005).  Accordingly, because, as set forth in 15 USC section 1692(k), money damages are adequate to compensate Appellant for any alleged violation of Section 1692g by Respondents, Appellant's was not entitled to enjoin the trustee's sale based on the purported violation.

In addition, to the extent that Appellant's argument in support of her claim for FDCPA violations was not limited to Section 1692g violation, Appellant's argument failed for the same reasons stated by the District in its order granting Respondents' Motion to Dismiss- Respondents were not engaged in "debt collection" activities within the meaning of the Act.  (Order; RER, p.p. 151-152.)

Therefore, because Appellant did not demonstrate likelihood of success on the merits, the District Court cannot be found to have abused its discretion by denying Appellant's Ex Parte Application for Temporary Restraining Order.

///

19

### c.  The District Court properly considered the lack of notice of the TRO to Respondents.

Appellant next argues that the District Court did not apply the proper legal standard because it considered her lack of providing a proper notice of the Ex Parte Application to Respondents' counsel.  (See, Opening Brief, p. 15- "nowhere in Rule 65 (b) can any requirements of time or notice can be found.")  This argument is also incorrect.

The Northern District of California requires moving parties to provide proper notice of ex parte applications to the opposing parties.  *See*, Northern District Local Rule 65-1(b) (stating that "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order <u>must</u> deliver notice of such motion to opposing counsel or party.") (emphasis added). Therefore, Appellant was required to provide proper notice to Respondents' counsel.  Her argument to the contrary is incorrect.

In addition, while Appellant is correct that Rule 65(b) permits issuance of temporary restraining orders in the absence of notice, the Rule is careful to note that such orders can be rendered only in extremely limited circumstances.  *See, Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir., 2006) (citing *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423 (1974)).  "[C]ourts have recognized very few circumstances justifying the issuance of an ex parte

20

TRO. For example, an ex parte TRO may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing.'" *Id.* (citing *Am. Can Co. v. Mansukhani,* 742 F.2d 314, 322 (7th Cir., 1984)).   In addition, notice has not been required where "[it] would render fruitless the further prosecution of the action." *Id.*  Such circumstances exist where, for example, it is highly probable that notice would frustrate the very purpose of the action.  *Am. Can Co. supra,* 742 F.2d at 322 (citing to *Matter of Vuitton et Fils S.A.,* 606 F.2d 1, 5 (2d Cir., 1979)).

Here, such circumstances did not exist.  Respondents' counsel was already known to Appellant, Appellant had ample time before the scheduled sale date to provide proper notice, and the proper notice would not frustrate any legitimate purpose of the action.  Thus, such proper notice was required and the District Court did not abuse its discretion by focusing on whether that such proper notice was given.

### *d.  The District Court properly considered the irreparable harm prong.*

The District Court also considered whether Appellant would suffer irreparable harm in the absence of a temporary restraining order (ER, p. 8) and properly concluded that any harm to Appellant was caused by her own litigation tactics.

21

It is established that "loss of a home is a serious injury." *Alcaraz v. Wachovia Mortg. FSB,* 592 F.Supp.2d 1296, 1301 (E.D.Cal., 2009). "However, whether a particular foreclosure constitutes irreparable harm turns in part on the reasons for foreclosure." *Mandrigues v. World Sav., Inc.,* 2009 WL 160213 at *3 (N.D.Cal., 2009) (citing *Parker v. United States Dep't of Agric.,* 879 F.2d 1362, 1367–68 (6th Cir., 1989)). In foreclosure cases, district courts repeatedly recognized that a borrower's delay in bringing a motion for preliminary injunction contradicts the argument of irreparable injury. *See, e.g., Hester v. PHH Mortgage*, 2010 WL 2923495 at *4 (E.D. Cal., July 26, 2010); *Mammoth Specialty Lodging, LLC v. We–Ka–Jassa Inv. Fund, LLC,* 2010 WL 1539811 at *2 (E.D.Cal., Apr.16, 2010).

These findings are based on policy governing ex parte relief. In federal courts, ex parte applications are limited to <u>emergency situations</u>. Cal. Prac. Guide, Fed. Civ. Pro. Before Trial, Ch. 12-F, §12:162; see also §12:170.1. As such, an ex parte application is proper <u>only</u> where the moving party's cause will be irreparably prejudiced if the underlying request is heard on a regular motion calendar <u>and the moving party is without fault in creating the crisis</u>, or that the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal., 1995); see also, *Manpower Inc. v. Slingshot Connections LLC*, 2012 WL 3561974 at * 2 (E.D. Cal., Aug. 17, 2012); Cal. Prac.

22

Guide, Fed. Civ. Pro. Before Trial, Ch. 12-F, §12:170.  "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Mission Power Eng'g Co., supra,* 883 F.Supp. at 492.  "A court may consider the last-minute nature of an application… in deciding whether to grant equitable relief."  *Gomez v. U.S. Dist. Court for N. Dist. of California*, 503 U.S. 653, 654 (1992).

Based on the foregoing, it was proper for the District Court to inquire about the reasons behind Appellant's emergency application.  Through this inquiry, the District Court discovered that:

1) the case was originally filed in the Superior Court on September 25, 2012, to stop the foreclosure sale; (ER, p. 6)

2) the Superior Court issued a temporary restraining order enjoining the sale and set a preliminary injunction hearing for October 18, 2012; (ER, p. 7)

3) on October 16, 2012, the matter was removed to the U.S. District Court; (ER, p.p. 6-7)

4) Appellant found out about the removal on October 17, 2012; (ER, p. 7)

5) on October 17 or 18, 2012, Appellant found out that the trustee's sale was continued to October 30, 2012; (ER, p. 7)

6)      thereafter, Appellant found out  that the trustee's sale was continued to November 30, 2012; (ER, p. 7) and

7)      Appellant <u>intentionally chose</u> to not proceed with her Ex Parte Application for Temporary Restraining Order until the date of the sale because she wanted to demonstrate irreparable harm.  (ER, p. 9.)

Based on these findings, it was entirely proper for the District Court to conclude that Appellant created her own emergency and, therefore, she was at fault in creating her prejudice.  As a result, the District Court cannot be found to have abused its discretion by denying Appellant's Ex Parte Application.

Appellant's argument that the emergency was created because on or about November 28, 2012, Appellant's real estate agent received a short sale offer for the Property and was in the process of transmitting it to Respondents is misguided.

As the initial matter, the fact that Appellant's real estate agent allegedly received a short sale offer on November 28, 2012, did not preclude Appellant from having brought her Ex Parte Application so it could be heard more than one hour before the scheduled sale time.  The record reveals that Appellant retained her real estate agent on November 23, 2012, one week prior to the sale date.  (RER, p. 77.) The purpose of this retention was to sell the property through a short sale.  (*Id.*) Accordingly, Appellant had seven full days to (1) submit her request for temporary restraining order to the District Court, (2) provide Respondents with proper notice,

and (3) allow Respondents time to submit a written opposition to Appellant's Ex Parte Application.

Moreover, the fact that Appellant's real estate agent allegedly received a short sale offer for the Property did not, as a matter of law, support Appellant's request to enjoin Respondents from proceeding with a properly scheduled trustee's sale.

"A 'short sale' is a sale of property for a price that is <u>less</u> than the amount of debt on the property, resulting in a shortfall of sales proceeds to pay off the existing loans."  Miller & Starr, 4 Cal. Real Est., §10:66.10 (3d ed.)  Because a lender does not have to accept an amount that is less, a short sale constitutes a foreclosure alternative only if the lender agrees to the short sale and accepts a short payoff. *Id.*

There is absolutely no authority to support Appellant's proposition that a borrower who did not inform the lender of his or her intent to pursue short sale and did not submit a short sale package to the lender is, on the eve of the trustee's date, entitled enjoin the sale on emergency basis to effectuate a short sale review.  In fact, case law suggests that it is improper for a court to stay the foreclosure sale in the hope that the lender consents to a short sale.  See, *In re Ali*, 441 B.R. 71, 72 (Bankr. E.D. Va., 2010) (refusing to re-impose bankruptcy stay on emergency basis where, three days prior to the scheduled sale date, the debtors "identified a

25

short sale specialist" able to work with the lenders and obtained a buyer who was ready to purchase the property); *In re Rhoads*, 487 B.R. 214 (D. Ariz., 2013); *Farah v. Wells Fargo Home Mortgage*, 2013 WL 1397405 at *2 (N.D. Cal., Apr. 5, 2013) (the district court refused to consider whether the inability to move forward with a short sale qualifies as irreparable harm for the purposes of the TRO because the plaintiff did not show a likelihood of success on the merits).

In addition, Appellant's admission that she did not have a reason to apply for temporary restraining order prior to receiving the short sale offer implicitly demonstrates that her claims for violations of Section 2923.5 and FDCPA lacked merit and did not suffice to support her request for injunctive relief.

Consequently, because the law does not support Appellant's request and because the record demonstrates that Appellant could have avoided the emergency, the District Court cannot be found to have abused its discretion by refusing Appellant's request.

### e. Appellant did not provide any argument and/or evidence to demonstrate that equities balanced in her favor and that the injunction was in public interest.

As explained above, the District Court reviewing an application for a temporary restraining order must determine whether the equities balance in the moving party's favor and whether the injunction is in public interest. "These factors may be viewed together." *Saba v. Caplan*, 2010 WL 2681987 at *5 (N.D.

26

Cal., July 6, 2010) (citing *Independent Living Ctr. of S. Cal., Inc. v. Maxwell–Jolly*, 572 F.3d 644, 657–58 (9th Cir., 2009)).

Appellant did not provide any evidence and/or argument to satisfy these prongs in her moving papers or at the hearing. Further, she did not provide any argument in support of these prongs in her Opening Brief. Therefore, her argument fails.

### 2.    The District Court's order is factually supported.

To determine whether the district court abused its discretion, the appellate court also "look[s] to whether the trial court's resolution... resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson,* 585 F.3d 1247, 1263 (9th Cir., 2009).

Here, Appellant argues that the District Court's order was factually unsupported because the District Court did not consider Appellant's Superior Court filings. (Opening Brief, p. 47.) This argument fails as a matter of law because these filings were of no relevance to the District Court.

It is well established that injunctive orders issued by a State Court prior to removal "remain in full force and effect until dissolved or modified by the district court." 28 USC §1450. However, Section 1450's language does not operate to extend the life of a state court issued temporary restraining order beyond its

27

effective period under state law <u>or</u> beyond the time limits set forth in Federal Rule of Civil Procedure 65(b)(2). *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70,* 415 U.S. 423, 426, 435–38 (1974). Accordingly, Appellant's temporary restraining order that was issued by the Superior Court expired on October 18, 2012 (or, at the very latest, on October 30, 2012), more than one month prior to the subject Ex Parte Application. Consequently, the District Court cannot be found to have abused its discretion by disregarding Appellant's Superior Court filings.

In addition, Appellant's argument is contradicted by facts. The record unequivocally supports the District Court's finding that Appellant did nothing for over one month after the removal. As explained above, Appellant knew of the November 30, 2012 sale date at least as of October 30, 2012. Further, she admits she intended to explore the short sale alternative at least as of November 23, 2012. Therefore, the District Court's finding that Appellant created her own emergency by waiting until the very last minute cannot be found to be illogical, implausible, or factually unsupported. To the contrary, it was inevitable in light of Appellant's admission.

///

///

///

28

# X.    CONCLUSION

Based on all of the foregoing, Respondents respectfully request that this Court dismiss this appeal for lack of subject matter jurisdiction.  In the alternative, Respondents respectfully request that this Court affirm the District Court's order denying Appellant's Ex Parte Application for Temporary Restraining Order.

Dated:   July 26, 2013                            Respectfully submitted,

                                                  WRIGHT, FINLAY & ZAK, LLP

                              By:    */s/ Lukasz I. Wozniak, Esq.*
                                     Gwen H. Ribar, Esq.
                                     Lukasz I. Wozniak, Esq.,
                                     Attorneys for Defendants-Appellees, Selene
                                     Finance LP; SRMOF 2009-1 Trust; Selene
                                     RMOF REP Acquisition LLC; U.S. Bank
                                     Trust National Association, as Trustee for
                                     SRMOF REO 2011-1 Trust; and Selene
                                     RMOF LLC, Sole Certificateholder of
                                     SRMOF 2009-1

29

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, the undersigned, counsel of record for Defendants/Appellees Selene Finance LP, SRMOF 2009-1 Trust, Selene RMOF REO Acquisition LLC, U.S. Bank Trust National Association, as Trustee for SRMOF REO 2011-1 Trust, and Selene RMOF LLC, Sole Certificateholder of SRMOF 2009-1 Trust hereby certifies that the Appeal No. 13-16202 can be deemed related to this Appeal as both appeals raise closely related issues as the Appeal No. 13-16202 involves appeal of the District Court's order granting Respondents' Motion to Dismiss Appellant's First Amended Complaint, without leave to amend.

Dated:  July 26, 2013                    Respectfully submitted,

                                         WRIGHT, FINLAY & ZAK, LLP

                              By:    */s/ Lukasz I. Wozniak, Esq.*
                                     Gwen H. Ribar, Esq.
                                     Lukasz I. Wozniak, Esq.,
                                     Attorneys for Defendants-Appellees, Selene
                                     Finance LP; SRMOF 2009-1 Trust; Selene
                                     RMOF REO Acquisition LLC; U.S. Bank
                                     Trust National Association, as Trustee for
                                     SRMOF REO 2011-1 Trust; and Selene
                                     RMOF LLC, Sole Certificateholder of
                                     SRMOF 2009-1

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App.P. 32(a)(7)(C) and

Circuit Rule 32-1 for Case No. 11-16099

I certify that pursuant to Fed.R.App. 32(a)(7)(c) and Ninth Circuit Rule 32-1, the attached answering brief is proportionally spaced, has a type-face of 14 points or more and contains 7,266 words.

Dated:   July 26, 2013                      Respectfully submitted,

                                            WRIGHT, FINLAY & ZAK, LLP

                                   By:    */s/ Lukasz I. Wozniak, Esq.*
                                          Gwen H. Ribar, Esq.
                                          Lukasz I. Wozniak, Esq.,
                                          Attorneys for Defendants-Appellees, Selene
                                          Finance LP; SRMOF 2009-1 Trust; Selene
                                          RMOF REO Acquisition LLC; U.S. Bank
                                          Trust National Association, as Trustee for
                                          SRMOF REO 2011-1 Trust; and Selene
                                          RMOF LLC, Sole Certificateholder of
                                          SRMOF 2009-1

| 9th Circuit Case Number(s) | 13-15007 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) July 30, 2013 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)   /s/ Cielo Tucay

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)